IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PENN-STAR INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-1264-NJR-RJD |
| | ) | |
| ZELLER PROPERTIES, INC. and DIANNA WEAR, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This is a declaratory judgment action in which Penn-Star Insurance Company ("Penn-Star") seeks a declaration that it has no duty to defend or indemnify Zeller Properties, Inc. ("Zeller") for a suit filed against it by Dianna Wear.

On October 19, 2018, Penn-Star propounded requests for production of documents on Zeller. Penn-Star requested, among other documents, "[a] complete copy of all file(s) relating to defense of Zeller in the Underlying Lawsuit. This includes material in the files of Zeller's defense counsel. This should include, without limitation, correspondence and discovery material (formal or informal), mediation, settlement and any legal work for which Zeller seeks or has received payment from Penn-Star." Zeller objected to this request. Zeller seeks to withhold certain documents from the underlying case file on the basis of privilege. The Court requested briefing regarding this issue that was filed on April 22, 2019 (*see* Docs. 44 and 45).

Penn-Star contends it is entitled to the underlying case file pursuant to the Illinois Supreme Court's decision in *Waste Management, Inc. v. International Surplus Lines Ins. Co., et al.*, 579 N.E.2d 322 (Ill. 1991). In *Waste Management*, the Court considered a motion by insurers to

compel otherwise privileged information from the insured.  *Id.* at 324-25.  In the underlying case at issue in *Waste Management*, the insured had defended itself and settled with the plaintiffs. The insured subsequently sought indemnification from the insurers, which had denied coverage, and both the insured and insurers filed declaratory judgment actions seeking a determination of their respective rights and liabilities under the policies.  *Id.* at 325.  The *Waste Management* insurers sought discovery of communications between the insured and its counsel in the underlying litigation, which the insured withheld under attorney-client privilege.  *Id.*  The Court determined that the attorney-client privilege was inapplicable for two reasons.  First, the Court found that the cooperation clause in the relevant insurance policy made the attorney-client privilege inapplicable. *Id.* at 327.  Second, the Court held that, notwithstanding the duty to cooperate, the attorney-client privilege was unavailable because the insureds and the insurers had a common interest in defeating or settling the underlying litigation and the communications were "of a kind reasonably calculated to protect or further those common interests." *Id.* at 328.

Penn-Star represents that *Waste Management* is applicable to the documents at issue as the relevant Penn-Star policies contain cooperation clauses and there is a common interest between Zeller and Penn-Star regarding the underlying lawsuit such that the attorney-client privilege and work product doctrine do not apply.  Zeller maintains that because the underlying matter is still pending, it would be inequitable and inappropriate to permit Penn-Star to invoke the cooperation clause as it would be prejudicial and disadvantageous to Zeller and Nautilus Insurance Company. Zeller's argument is not persuasive as its logic is circular and it has failed to articulate how it would be prejudiced.  In short, Zeller has failed to meet its burden of establishing attorney-client privilege or work product protection.  *See LaSalle Nat. Trust, N.A. v. Schaffner*, No. 91-C-8247, 1993 WL 105422 (N.D. Ill. April 6, 1993).  The relevant holdings in *Waste Management* are

clearly applicable here. There is no indication that the cooperation clause in the relevant Penn-Star policy limits the broad duty of cooperation required by *Waste Management*. There also appears to be a common interest in the outcome of the underlying litigation. Notably, the Court in *Waste Management* considered whether the common interest doctrine applies when the insurer provided no defense in the underlying suit and found that it did. Further, the supplemental opinion in *Waste Management* noted that "[t]he insurer is entitled, irrespective of whether its duty is to defend or to indemnify, to gain as much knowledge and information as may aid it in its investigation, or as may otherwise be significant to the insurer in determining its liability under the policy and in protecting against fraudulent claims." *Waste Management*, 579 N.E.2d at 333. It is apparent *Waste Management* controls in this instance and, as such, the Court overrules Zeller's objection based on attorney-client privilege to Penn-Star's second request for production of documents seeking the underlying case file.

The Court also considers whether the underlying case file is protected from disclosure under the work product doctrine. Unlike attorney-client privilege, the source of the work product doctrine for purposes of this matter is controlled by federal rather than state law. Therefore, *Waste Management* is not controlling. *LaSalle Nat. Trust, N.A.*, 1993 WL 105422, at *6. Because the common interest doctrine only abrogates work product protection between an insurer and insured with respect to documents prepared solely for the underlying litigation, *see id.*, and those are the only documents at issue here, the Court finds the work product doctrine inapplicable in this instance.

For the reasons set forth above, the Court **OVERRULES** Zeller's objection to Penn-Star's request for a complete copy of the files relating to its defense in the underlying lawsuit. Zeller shall produce the same by **May 15, 2019**. The parties may request entry of a protective order in

this case to prevent production of the documents to Dianna Wear.

**IT IS SO ORDERED.**

**DATED: May 1, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**