IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PENN-STAR INSURANCE COMPANY,

  Plaintiff,

v.

ZELLER PROPERTIES, INC. and
DIANNA WEAR,

  Defendants.

Case No. 3:17-CV-1264-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Summary Judgment filed by Plaintiff Penn-Star Insurance Company ("Penn-Star") (Doc. 48). For the reasons set forth below, the Court grants the motion and enters a declaratory judgment.

### FACTUAL & PROCEDURAL BACKGROUND

This action commenced with a complaint seeking declaratory judgment filed by Penn-Star pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201 (Doc. 1).

Penn-Star seeks a declaratory judgment affirming that the four general liability insurance policies which it issued to Defendant Zeller Properties, Inc. ("Zeller") (such policies, collectively, "Penn-Star Policies") contain "Fungi or Bacteria" exclusions which preclude the Penn-Star Policies from covering the allegations brought by Defendant Dianna Wear ("Wear") against Zeller and that Penn-Star thus has no duty to defend or indemnify Zeller (*Id.*). Penn-Star further seeks an award of its attorney's fees in this action (Doc. 49).

The four Penn-Star Policies all contain Endorsement Form CG 21 67 12 04, the "Fungi or Bacteria Exclusion." That form contains language excluding the following:

- Any bodily injury "which would not have occurred, *in whole or in part*, but for the actual, *alleged*, or threatened inhalation, ingestion of, contact with, exposure to, existence of, or *presence of* any 'fungi' or bacteria on or within a building or structure, including its contents, *regardless of whether any other cause, event, material or product contributed concurrently* or in any sequence to such injury or damage." (*Id.*) (emphasis added)

- Any personal or advertising injury "which would not have taken place, *in whole or in part*, but for the actual, *alleged* or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or *presence of* any 'fungi' or bacteria on or within a building or structure, including its contents, *regardless of whether any other cause, event, material or product contributed concurrently* or in any sequence to such injury or damage." (*Id.*) (emphasis added).

On September 17, 2017, Wear filed a complaint against Zeller in the Circuit Court of Williamson County, Illinois (the "Underlying Action") (*Id.* at 1, 3). That complaint alleged that Wear suffered bodily injuries while employed at a business within 900 Skyline Drive, Marion, Illinois, a property owned by Zeller. Wear specifically claims that her injuries resulted from Zeller's negligence and willful and wanton conduct, alleging that:

> "the subject property was not in reasonably safe condition for occupants, in that various testing revealed 99% relative humidity in employee work areas, high levels of moisture within the concrete sub-floor, adhesive breakdown and bleed of flooring seams, standing water in the reception area, leaking windows and wet drywall below window frames, constant humidity levels between 70% and 80%, *air quality testing evidencing toxic mold infiltration and amplification, including toxic levels of Aspergillus*, build up on HVAC vents, *mold growth on desks and office furniture*, among others." (*Id.*) (emphasis added).

## LEGAL STANDARD

Summary judgment is only appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) (*quoting* FED. R. CIV. P. 56(a)). Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 232-24 (1986). The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts," to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## ANALYSIS

### I. Motion for Summary Judgment

#### A. Applicable Law

Under Illinois law, an insurance provider will have a duty to defend a policyholder from suit where a complaint against that policyholder alleges facts that could potentially come within policy coverage. *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.*, 578 N.E.2d 926, 930 (Ill. 1991). Where the actions of a policy holder and any resulting loss or damage are determined to actually lie within the scope of an insurance policy's coverage, the insurance provide will have a further duty to indemnify the policy holder. *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 607 N.E.2d 1204, 1221 (Ill. 1992).

In determining whether alleged facts come within the coverage of an insurance policy, courts must ascertain the intent of the parties to the contract. *Id.* at 1212. If the words in the policy are unambiguous, a court should give them their plain, ordinary, and popular meaning. *Id.* If the words are susceptible to more than one reasonable interpretation, they are ambiguous and will be construed against the drafter. *Id.*

B. *Discussion*

Here, the Penn-Star Policies exclude claims that allege damages which in whole *or in part* arise from the actual *or alleged* presence of fungi. In the Underlying Action, Wear alleges injuries arising out of Zeller's conduct on a number of bases, including the presence of molds such as Aspergillus in the property owned by Zeller. Zeller argues that the Fungi or Bacteria Exclusion should not apply to Wear's claim for two reasons: (1) the exclusionary clauses "do not make clear that the exclusion applies even if any other cause…contributed concurrently…to injury or damage cause by the fungi or bacteria" (Doc. 53 at 2) and (2) a determination of coverage cannot be made until the cause of the alleged injury is determined by the Circuit Court of Williamson County, Illinois. The Court is not persuaded by either of these arguments.

First, the Penn Star Policies plainly state that claims will be excluded even if they allege damages that only "in part" arise from the presence of fungi, "regardless of whether any other cause, event, material or product contributed concurrently[.]" The court concludes that this language is unambiguous, and should be given its plain meaning. Here, Wear's complaint alleges injuries that arose in part from the alleged

Page 4 of 6

presence of fungi, and thus it is excluded from coverage regardless of the fact that she also alleges other causes that contributed concurrently.

Secondly, the Penn Star Policies state that claims will be excluded from coverage if they allege the presence of mold—such mold need not be proven to actually have been present. Again, this language is unambiguous, and will be given its plain meaning. Here, Wear alleges that mold was present in the building owned by Zeller. This Court need not wait for a determination by the Circuit Court of Williamson County as to whether or not mold was actually present; the mere fact that its presence is alleged is enough for the exclusion to apply.

Accordingly, the Court finds that there is no material issue of fact and grants summary judgment to Penn Star.

## II. Attorney's Fees

In addition to seeking declaratory judgment that the Fungi or Bacteria Exclusion applies, Penn Star also seeks an award of its attorney's fees incurred in this action.

The standard "American Rule" for attorney's fees provides that each party will pay its own costs. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975). There are, however, numerous exceptions to this rule. Federal Rule of Civil Procedure 54(d)(2) authorizes an award of attorney's fees made by motion within 14 days of a judgment, where the moving party provides the grounds for the proposed award as well as a fair estimate of attorney's fees. There are additionally numerous federal and state statutes which authorize the award of attorney's fees. The federal Declaratory Judgment Act, however, makes no provision for awards of attorney's fees. 28 U.S.C.

§ 2201. Courts have awarded attorney's fees based on 28 U.S.C. § 2202, which authorizes further relief based on a declaratory judgment, but most commonly have done so where such relief was warranted by a separate basis such as the behavior of the opposing party or applicable state law for comparable actions. *See, e.g.*, *Taco Bell Corp. v. Cont'l Cas. Co.*, 388 F.3d 1069, 1077 (7th Cir. 2004); *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 771–75 (7th Cir. 2010); *Landmark Am. Ins. Co. v. O'Malley*, 2015 U.S. Dist. LEXIS 14200 at *5–6 (N.D. Ill.).

Here, Penn-Star has not provided the basis upon which it seeks an award of attorney's fees and similarly has not provided any estimate of its fees. At this time, the Court is not inclined to grant its motion for an award of fees, but Penn-Star may seek an award of fees by post-judgment motion pursuant to Federal Rule of Civil Procedure 54(d)(2) if it can make the showings required by that rule.

## Conclusion

For the reasons set forth above, the Court **GRANTS** Penn Star's Motion for Summary Judgment and **GRANTS declaratory judgment** but **DENIES** an award of attorney's fees. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

DATED: March 24, 2020

  
**NANCY J. ROSENSTENGEL**  
**Chief U.S. District Judge**